IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JOHN CALDER and JAMIE NORMAN GREIMAN,<br><br>Defendants. | No. CR 04-00138 WHA<br><br>**ORDER DENYING MOTION TO EXCLUDE ALL COMPUTER COMMUNICATIONS EVIDENCE** |

In this narcotics prosecution, the government intends to rely on numerous emails in its case against defendant Jamie Norman Greiman, some seized from an overseas computer allegedly used by his co-defendant and alleged supplier, David John Calder, and the rest evidently seized from Mr. Greiman's computer. The defense has moved for a blanket order excluding all emails. The trial date has not yet been set. At this stage, it is impractical and unfair to require the government to lay the foundation for each and every email it may eventually offer at trial. That is what the trial is for.

By the time of the final pretrial conference or during trial, the government will have settled on its final exhibit list. The Court will, at that time, have a better grasp of the allied evidence tending to support (or not) the admissibility of the emails.

It is true, of course, that motions in limine are used shortly before (and during) trial to preclear or bar certain evidence. Usually, these motions relate only to inflammatory items or items that require consideration of evidence that the jury need not hear all over again. Neither

1  really applies here.  More to the point, however, these usually concern concise items of
2  evidence.  Rule 404(b) prior conduct is one example.  A confession or defendant statement is
3  another example.  The pending request is vast by comparison.  As a matter of prudence, it
4  would be unwise and premature to make abstract rulings on hundreds of emails at this stage.

5  Once the government has provided its exhibit list, the defense may then seek a hearing
6  in the week before trial to test the foundational issues.  To this end, the U.K. authorities who
7  raided the supplier and who can vouch for chain of custody may be available to testify,
8  presumably since they will already have to be here for the trial itself.  The extent of such a
9  hearing would depend on circumstances then existing, including the emails actually selected for
10 use at trial, and on the showing made by the defense of a need for a such a hearing.

11 As a general rule, assuming proper chain of custody, the Court is inclined to admit into
12 evidence, as a party admission, any email shown to have originated from one of Mr. Greiman's
13 email addresses.  Such foundation could be shown via subscriber records, by defendant
14 Greiman's own admissions or, possibly, in other ways.  The defense theory that a roommate or
15 hacker could have posed as defendant Greiman and sent unauthorized emails under his name
16 can be argued to the jury or shown by evidence or testimony, if it exists.  The jury will be told,
17 if requested, that the government has the burden to prove that the emails actually came from
18 Mr. Greiman, his authorized representative or that he otherwise adopted the contents.

19 The government should, of course, be prepared to prove up the international system by
20 which emails are exchanged, including such information as how servers work, the assignment
21 of email addresses, the uniqueness of email addresses, the chain of custody and so forth.

22 For the foregoing reasons, at this time the motion to exclude all electronic computer
23 evidence is **DENIED**.

25 **IT IS SO ORDERED.**

27 Dated: January 4, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2